# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| TRUONG NGUYEN as parent and natural guardian of T.A.N., a minor child, | No. 14-593V<br>Special Master Christian J. Moran<br><br>Filed: May 6, 2015 |
| Petitioner, | |
| v. | Decision on the record; insufficient proof of causation; diphtheria-tetanus-acellular pertussis (DTaP); inactivated poliovirus (IPV); Hepatitis B; haemophilus influenzae type b; rotavirus; pneumococcal conjugate; seizures; right-sided weakness; vision loss. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent, | |

* * * * * * * * * * * * * * * * * * * *

Anne C. Toale, Maglio Christopher and Toale, Sarasota, FL, for petitioner; Ryan Daniel Pyles, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION [1]

On July 11, 2014, Truong Nguyen filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 through 34 (2012), on behalf of his minor son, T.A.N. In his petition. Mr. Nguyen alleged that that a diphtheria-tetanus-acellular pertussis (DTaP), inactivated poliovirus (IPV), Hepatitis B, haemophilus influenzae type b, rotavirus, and/or a pneumococcal conjugate vaccine administered to T.A.N. on August 19, 2011, caused T.A.N. to suffer seizures with resulting sequelae including right-sided weakness and vision

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

loss in the right eye.   The information in the record, however, does not show entitlement to an award under the Program.

## I.  Procedural History

Mr. Nguyen's July 11, 2014 petition did not include medical records as required by 42 U.S.C. § 300aa—11(c).  Following an extension of time, Mr. Nguyen filed medical records (exhibits 1-5, 7-18) and his affidavit (exhibit 6) in support of his claim on October 17, 2014.  On this same date, Mr. Nguyen filed for authorization of subpoena for additional records from New York Presbyterian and Arnold Palmer Hospitals.

Mr. Nguyen filed the records from New York Presbyterian on December 29, 2014 (exhibits 19-22).  A status conference was held on January 7, 2017, to discuss Mr. Nguyen's progress subpoenaing records from Arnold Palmer Hospital.  During this conference, Mr. Nguyen reported that he planned to file an action in local court to enforce the subpoena served on the hospital for records.

Mr. Nguyen filed the remaining records from Arnold Palmer Hospital (exhibits 23-26) and a statement of completion on January 26, 2015.  Due to the volume of T.A.N.'s medical records, respondent requested additional time to review them.  Resp't's Rep., filed Feb 25, 2015.

Respondent filed her Rule 4(c) report on March 23, 2015.  In her report, respondent concluded that petitioner failed to fulfill the criteria for a Vaccine Table injury and failed to demonstrate by a preponderance of the evidence that T.A.N.'s seizure and sequela were caused by vaccines he received on August 19, 2011.  Resp't's Rep., filed Mar. 23, 2015, at 4-5.

During a status conference held on April 1, 2015, Mr. Nguyen reported that he had retained an expert witness to opine on his case and requested 30 days to file his expert report.  Order, issued, Apr. 2, 2015.

On May 4, 2015, Mr. Nguyen filed a motion for decision on the record stating that "the case has ceased to have a reasonable basis to proceed."  Pet'r's Mot., filed May 4, 2015, at 3 ¶8.  Attached to his motion, Mr. Nguyen included a letter from his expert, Dr. Ryan J. Felling, a neurologist.  Dr. Felling's letter indicated that his review of the records found "[a]side from the temporal association with [T.A.N.'s] vaccines, there is no additional evidence to support a causal relationship."  Id. at 2, 5.

2

In informal communications with respondent, respondent indicated that she would not file a response and will rest on her Rule 4 report. Accordingly, this case is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), petitioner must prove either 1) that T.A.N. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccinations, or 2) that he suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that T.A.N. suffered a "Table Injury." Thus, Mr. Nguyen is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records and opinion of Dr. Felling do not support Mr. Nguyen's claim.

Accordingly, it is clear from the record in this case that Mr. Nguyen has failed to demonstrate either that T.A.N. suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

3