# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * | |
| TRUONG NGUYEN as parent and natural guardian of T.A.N., a minor child, | No. 14-593V<br>Special Master Christian J. Moran<br><br>Filed: October 1, 2015 |
| Petitioner, | |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorneys' fees and costs; award in the amount to which respondent does not object. |
| Respondent, | |
| * * * * * * * * * * * * * * * * * * * * | |

Anne C. Toale, Maglio Christopher and Toale, Sarasota, FL, for petitioner;
Ryan Daniel Pyles, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On September 29, 2015, respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Petitioner submitted a draft final Application for Attorneys' Fees and Costs (Application) to respondent requesting a total of $14,504.89. Upon review of petitioner's Application, respondent does not object. The Court awards this amount.

On July 11, 2014, Truong Nguyen filed a petition for compensation on behalf of his minor son, T.A.N., alleging that the diphtheria-tetanus-acellular pertussis (DTaP), inactivated poliovirus (IPV), Hepatitis B, haemophilus influenza type b, rotavirus, and/or a pneumococcal conjugate vaccine, which he received on

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

August 19, 2011, caused T.A.N. to suffer seizures with resulting sequelae including right-sided weakness and vision loss in the right eye.  The information in the record, however, did not show entitlement to an award under the Program.  <u>Decision</u>, issued May 6, 2015.

Even though compensation was denied, a petitioner who brings his petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioner gathered medical records, consulted an expert, and moved for a decision on the record when further investigation revealed that petitioner was unlikely to prove his case.  Thus, because petitioner's counsel acted in good faith and because there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioner failed to satisfy these criteria.

Petitioner seeks a total of **$14,504.89** in attorneys' fees and costs.  In compliance with General Order No. 9, petitioner represents to respondent that he advanced no monies for reimbursable costs in pursuit of his claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $14,504.89 in the form of a check made payable to petitioner and petitioner's attorney, Anne Toale, of Maglio, Christopher and Toale, PA, for  attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
